FRANK MAISS, Appellee, *vs.* THE METROPOLITAN AMUSE-
MENT ASSOCIATION, Appellant.

*Opinion filed June 16, 1909—Rehearing denied October 12, 1909.*

1. STATUTES—*whole act should be considered in construing pro-
vision of a statute.* In construing a certain provision of a statute
the whole act should be considered, since the words and meaning
of one part may furnish an explanation of another.

2. COURTS—*action of tort is included in fourth class cases un-
der Municipal Court act.* In view of section 40 of the Municipal
Court act, prescribing the form of statement in a case of the fourth
class, "if the suit be for a tort," the words "all civil actions * * *
for the recovery of money only," used in the fourth clause of sec-
tion 2 of said act, which defines cases of the fourth class, must be
construed as including actions for damages for torts where the
amount claimed does not exceed $1000, exclusive of costs.

3. NEGLIGENCE—*frightening horses with searchlight—when the
case should go to jury.* Proof that plaintiff, while exercising due
care for his safety in driving a gentle horse on a public highway
in the night time, was thrown from his buggy and injured when
the horse became frightened by the beam of the defendant amuse-
ment company's searchlight being thrown upon it, justifies the re-
fusal of the trial court to direct a verdict for the defendant.

APPEAL from the Branch Appellate Court for the First
District;—heard in that court on writ of error to the Mu-
nicipal Court of Chicago; the Hon. EDWARD A. DICKER,
Judge, presiding.

This was an action of the fourth class brought by ap-
pellee in the municipal court of the city of Chicago to re-
cover damages for personal injuries alleged to have been
sustained by the appellee and for damages to his buggy.
Appellant conducts an amusement park at Cottage Grove
avenue and Sixtieth street, in the city of Chicago, and in
connection therewith operated an electric searchlight placed
on a tower and so constructed and arranged that the light
could be thrown from it by the operator in a horizontal or
vertical path. The appellee, on the 15th day of May, 1905,

241—12

after dark, was driving a horse, which he testified was so quiet it could be driven by a child, in the vicinity of appellant's amusement park, when the searchlight was thrown down in the horse's face, frightening it so that it ran away, threw the appellee out and injured him and damaged the buggy he was riding in. A trial by jury resulted in a verdict and judgment for appellee for $150. That judgment was affirmed by the Appellate Court for the First District, and on a certificate of importance by that court a further appeal is prosecuted to this court.

BLUM & BLUM, for appellant:

The municipal court had no jurisdiction of this cause, and should have sustained the motion of appellant to dismiss it on the ground that this was not an action "for the recovery of money only." Laws of 1907, p. 227; *Tuthill* v. *Smith,* 6 Abb. Pr. 329; *Gordon* v. *Gaffey,* 11 id. 1; *People* v. *Bennett,* 6 id. 343; *West* v. *Brewster,* 1 Duer, 647; *Hyde Park* v. *Teller,* 8 How. Pr. 504; *Voorheis* v. *Scofield,* 7 id. 51; *Field* v. *Morse,* id. 12; *Jones* v. *Null,* 9 Neb. 57; *Addison* v. *Sujette,* 27 S. E. Rep. 631; *Powell* v. *Bennett,* 4 Ind. App. 112; *Crossman* v. *Lindsley,* 42 How. Pr. 107; *Chudnovski* v. *Eckels,* 232 Ill. 312.

The authority of the municipal court in actions of the fourth class under clause *e* is limited, except in amount, to the same extent as is the jurisdiction of a justice of the peace. Laws of 1907, p. 227; *Railway Co.* v. *Galt,* 133 Ill. 668; *Haywood* v. *Collins,* 60 id. 333; *White* v. *Wagar,* 185 id. 201.

Where the injury could not have been foreseen there is no liability. *Craven* v. *Brown,* 175 Ill. 401; *Cole* v. *Fisher,* 11 Mass. 137.

Appellant owed appellee no duty, and hence could not be liable for negligence. *Railway Co.* v. *Morrison,* 20 Am. Neg. Rep. 327; *Craven* v. *Brown,* 175 Ill. 401; *Railroad Co.* v. *Mock,* 88 id. 87; *Railroad Co.* v. *Wellhoener,* 72

id. 60; *Williams* v. *Railroad Co.* 135 id. 491; *Sack* v. *Dolese,* 137 id. 129; *McAndrews* v. *Railway Co.* 222 id. 232.

An action for negligence is based upon a neglect of duty, and both the duty and the neglect must be proven by plaintiff. *Hendricks* v. *Railway Co.* 93 N. W. Rep. 141; *Railroad Co.* v. *Mock,* 88 Ill. 87; 2 Thompson on Negligence, 603; *Railroad Co.* v. *Wellhoener,* 72 Ill. 60; *Coleman* v. *Railroad Co.* 114 Ga. 386; *Williams* v. *Railroad Co.* 135 Ill. 491; *Webb* v. *Railroad Co.* 202 Pa. St. 511; *McAndrews* v. *Railway Co.* 222 Ill. 232.

The act of appellant was lawful and violative of no law. *Amusement Co.* v. *Brocksmith,* 17 Am. Neg. Rep. 498.

Plaintiff failed to show, by a preponderance of the evidence, or, in fact, by any evidence, that defendant operated the searchlight in a negligent manner. *McAndrews* v. *Railway Co.* 222 Ill. 236.

FRANK L. DELAY, for appellee:

The municipal court had jurisdiction of the cause. *Chudnovski* v. *Eckels,* 232 Ill. 312; *Jones* v. *Null,* 9 Neb. 57; *Ex parte Sweeney,* 126 Ind. 583; *Benson* v. *Christian,* 129 id. 535; *Huntington* v. *Burke,* 139 id. 162.

The doing of anything unusual, unnatural or unnecessary upon or adjacent to a public highway, causing horses to become frightened and injury to result, entitles the one injured to damages. 1 Shearman & Redfield on Negligence, (5th ed.) 607; Cooley on Torts, (2d ed.) 705, 799, and notes; Bishop on Non-Contract Law, sec. 529; *Conklin* v. *Thompson,* 29 Barb. 218; *Cole* v. *Fisher,* 11 Mass. 137; *Railroad Co.* v. *Harmon,* 47 Ill. 298; *Railroad Co.* v. *Dickson,* 63 id. 151; *Railroad Co.* v. *Scheffner,* 209 id. 9; *Railroad Co.* v. *Hayer,* 225 id. 613; *Railroad Co.* v. *Steckman,* 224 id. 500.

It is a question of fact whether a given cause is sufficient to frighten gentle horses, carefully driven. *Railroad Co.* v. *Scheffner,* 209 Ill. 9.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

The principal contention of appellant is, that the municipal court had no jurisdiction of this cause and should have sustained appellant's motion to dismiss the suit. The action was brought as one of the fourth class provided for in the fourth clause of the second section of the Municipal Court act. Said clause reads as follows:

"*Fourth*—Cases to be designated and hereinafter referred to as cases of the fourth class, which shall include (*a*) all civil actions, *quasi* criminal actions excepted, for the recovery of money only when the amount claimed by the plaintiff, exclusive of costs, does not exceed one thousand dollars ($1000), the amount in any action on a bond to be determined by the amount actually sought to be recovered and not by the penalty of the bond; (*b*) all actions for the recovery of personal property when the value of the property sought to be recovered does not exceed one thousand dollars ($1000); (*c*) all actions of forcible detainer; (*d*) all proceedings for the trial of the right of property; and (*e*) all actions and proceedings of which justices of the peace are now given jurisdiction by law and which are not otherwise provided for in this act, in which class of actions and proceedings the municipal court shall have jurisdiction where the amount sought to be recovered does not exceed one thousand dollars ($1000.) In any action of the fourth class for the recovery of money only judgment may be rendered for over one thousand dollars ($1000), where the excess over one thousand dollars ($1000) shall consist of interest or damages or costs accrued after the commencement of such action."

Appellant contends that civil actions "for the recovery of money only," mentioned in said clause, means actions upon contracts, express or implied; that the legal signification of the term, actions "for the recovery of money only,"

is, that there must be money due to the plaintiff from the defendant in the relation of debtor and creditor. The question is one of statutory interpretation or construction. Unless the municipal court was given jurisdiction of personal injury cases by said fourth clause of the second section of the act where the amount claimed, exclusive of costs, does not exceed $1000, it has no jurisdiction of such cases.

The object of statutory interpretation and construction is to ascertain and give effect to the legislative intent, when it is not in violation of the fundamental law and does not lead to mischievous and absurd consequences. "As a general rule, the words of a statute are to be taken in their ordinary and popular sense, unless it plainly appears from the context, or otherwise, that they were used in a different sense. In the construction of statutes a word which has two significations should ordinarily receive that meaning which is generally given to it in the community, but when this construction would contravene the manifest intention of the legislature we must depart from this rule and give effect to the intention." "Where a word having a technical as well as a popular meaning is used in the constitution or a statute the courts will accord to it its popular signification, unless the very nature of the subject indicates, or the context suggests, that it is used in its technical sense." (2 Lewis' Sutherland on Statutory Construction, secs. 390, 394.) The popular signification of an action "for the recovery of money only," is an action where only a money judgment is sought, as distinguished from relief other than for the recovery of money.

That the legislature intended to include actions in tort in the fourth clause is evident from section 40 of the act. That section defines the procedure in cases of the fourth class, and provides that the statement of plaintiff's claim, "if the suit be for a tort," "shall consist of a brief statement of the nature of the tort and such further information as will reasonably inform the defendant of the nature of

the case he is called upon to defend." One of the rules of construction of statutes is, that the whole act must be considered, as the words and meaning of one part of it may lead to and furnish an explanation of the sense of another.

Appellant cites decisions of courts of some other States where, in construing statutes authorizing attachments in actions brought for the recovery of money, it was held that the legislative intent was that attachments should only be authorized where the action was upon a contract and where the relation of debtor and creditor existed. These authorities, however, cannot be controlling in this case, for in our opinion the legislative intent in adopting the Municipal Court act was to include cases of the character under consideration in the fourth class.

There was no error in denying the motion to dismiss the suit for want of jurisdiction.

Appellant moved the court to direct a verdict in its favor, which motion was overruled, and it is contended that no negligence of appellant was proven; that it owed appellee no duty; that the appellee was guilty of contributory negligence, and that therefore no right of recovery was established by the evidence. The proof shows appellee was driving on a public street; that the horse he was driving was a quiet animal, and that it became frightened at the searchlight being thrown in front of and upon it and ran away, injuring the appellee and damaging his buggy. The proof tends to show appellee was exercising reasonable care. No evidence was offered by appellant. There is no reasonable basis for the contention that the proof did not reasonably tend to support appellee's cause of action.

There was no error in the admission of testimony, and we find no reason why the judgment of the Appellate Court should be disturbed, and it is therefore affirmed.

*Judgment affirmed.*