131 Ill. App.2d 702 (1971)
267 N.E.2d 355
THE DEPARTMENT OF PUBLIC WORKS & BUILDINGS OF THE STATE OF ILLINOIS, ETC., Petitioner-Appellant,
v.
GEORGE WISHNEVSKY et al., Defendants-Appellees.
No. 69-132.
Illinois Appellate Court  Third District.
February 17, 1971.
Rehearing denied March 22, 1971.
*703 William J. Scott, Attorney General, of Springfield, (Donald C. Martin and William P. Ryan, Assistant Attorneys General, of counsel,) for appellant.
William J. Wimbiscus, Jr., of Spring Valley, and Roger V. Pierson, of Princeton, for appellees.
Reversed and remanded.
Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:
This cause involves an appeal from an order of the Circuit Court of Bureau County finding that a petition for condemnation by the Department of Public Works and Buildings of the State of Illinois involved acquisition of land for a highway on "a new location" where the petition sought to widen an existing highway from a two-lane to a four-lane highway.
The Department of Public Works and Buildings filed its petition for condemnation on January 11, 1965, to acquire from defendant-appellees George and Julia Wishnevsky additional land so the State could widen Route No. 7 from a two-lane road to a four-lane road with a median strip. The defendant-landowners filed a demand in writing upon the Department to take the whole parcel of their land under the provisions of par. 4-501, ch. 121, 1965 Illinois Revised Statutes. It was stipulated between the parties that by widening Route 7 as requested, the distance from defendants' existing single family residence to the new right of way line of the road would be less than ten feet and, also, that the entire parcel of land owned by defendants at this site was less than one acre.
The statute under consideration is par. 4-501 of ch. 121 referred to above which provides in part as follows:
"When acquiring land for a highway on a new location, and when a parcel of land one acre or less in area contains a single family residence, which is in conformance with existing zoning ordinances, and only a part of that parcel is required for State highway purposes causing the remainder of the parcel not to conform with the existing zoning ordinances, or when the location of the right of way line of the proposed highway reduces the distance from an existing single family residence to the right of way line to 10 feet or less, the acquiring agency shall, if the owner so demands, take the whole parcel by negotiation or condemnation. The part not needed for highway purposes may be rented, sold or exchanged by the acquiring agency."
*704 The trial court entered an order on February 26, 1969, requiring that petitioner take the whole parcel of land owned by defendants pursuant to such Section.
The sole question before the Court is whether the trial court was correct in ordering the Department to take the entire parcel owned by defendants under the provisions of said par. 4-501. This involves a determination as to whether the acquisition of defendants' land for widening of Route 7 from two to four lanes and the addition of a median strip was "acquiring land for a highway on a new location". We have found no Illinois case, nor has any case been directed to our attention, which specifically determined this issue. Consequently, interpretation and construction of the Section under consideration should be made in accordance with general rules of statutory construction applicable thereto.
 1-3 It is clearly established, under standard rules of construction, that words in a statute should be given their plain, ordinary or commonly accepted meaning, unless it can be shown that some particular technical or trade meaning was intended or unless it can be seen that to adopt the plain, ordinary meaning would defeat the intention of the legislature (Lincoln National Life Insurance Co. v. McCarthy, 10 Ill.2d 489). The courts of this State have consistently cautioned, also, in the words of Hirschfield v. Barrett, 40 Ill.2d 224, at 230, "* * * each word, clause or sentence must, if possible, be given some reasonable meaning". This rule of statutory construction was also outlined in Peacock v. Judges Retirement System, 10 Ill.2d 498, at 501. It is likewise clear that in construing a statute, the statute must be so construed so that no word, clause or phrase is rendered superfluous or meaningless.
Applying consistent standards of statutory construction to par. 4-501 of ch. 121 of Illinois Revised Statutes herein referred to, we do not believe that the language, "acquiring land for a highway on a new location", was intended by the legislature to be meant to apply to action by the State in widening a highway from two to four lanes. The words "new location" imply something more than the mere widening or similar modification of an existing road. If acquiring land to widen a road is held to be "acquiring land for a highway on a new location" it would be difficult to conceive of a situation where the Department would acquire any land for improvement which would not be considered for "a new location" under such interpretation. If the Department of Public Works were to acquire a small strip of land (for example, ten feet along an existing road) and this strip brought the right of way to within ten feet of a person's home, and if this is deemed to be a new location, then the words "new location" would become virtually meaningless. We believe that the phrase "new location" *705 should be given its ordinary meaning which implies something more than the mere widening.
Appellees in this Court also contend that par. 4-501 actually contemplates two alternative situations. One, where the land is acquired for a highway on the new location and, two, where the location of the right of way line of a highway reduces the distance from the right of way line to a single family house, to less than ten feet. It is the contention of appellees in this Court that whenever land is acquired and the distance to a single family residence is reduced to ten feet or less, then par. 4-501 applies irrespective of whether or not the acquisition is for a highway on a new location. We do not believe that this is a sound construction of par. 4-501.
 4 The first part of the Section under consideration specifically provides:
"When acquiring land for a highway on a new location, and when a parcel of land one acre or less in area contains a single family residence * * *."
and then proceeds to state that when the residence is in conformity with existing zoning ordinances and when the acquisition of the highway causes it not to conform with existing zoning ordinances, "or when the location of the right of way line of the proposed highway reduces the distance from an existing single family residence to the right of way line to ten feet or less," then the acquiring agency, if the owner demands, is required to take the whole parcel by negotiation or condemnation. It is notable that in the second portion of the Act, the reference is to "the proposed highway," which obviously refers back to "a highway on a new location" provided for in the opening sentences of the Section. The words "proposed highway" could only mean the highway for a new location. The language of the Statute does not sustain appellees' contention that any time a boundary line or road was changed to bring it within ten feet or less of a house, the particular section requiring taking of the whole parcel comes into operation. A cardinal rule of construction of statutes is that a section must be construed as a whole to ascertain its meaning. Illinois Bell Telephone Co. v. Ames, 364 Ill. 362.
The Department of Public Works points out, in this Court, that where construction of new highways is concerned, the Department can make adjustments to the right of way to avoid coming into close proximity to residences, with the resulting obligation to take the entire tract, but in cases where the Department must widen an existing highway to accommodate traffic patterns never contemplated by its predecessors, it must necessarily do so within the framework of its present system of highways. The Department contends that to apply the interpretation of defendants in this cause to the Statute, where widening of roads through such urban *706 centers as Chicago, Peoria, Rockford and other cities throughout the State is involved, would add tremendously to the cost of construction in making highway improvements, and would frustrate and stultify the Department's entire highway program in, near and around those areas. It is contended by the Department of Public Works that the legislature did not contemplate nor intend such a result and that the language of the Statute does not authorize or justify such interpretation. We agree with this conclusion. It is apparent that the legislature was considering, in the Act which we are seeking to construe, that the Department must maintain the existing road system and adapt it to the needs of modern traffic without having unreasonable burdens, but that where a new location is contemplated, the Department can plan more effectively to avoid acquisition of tracts with residence under the conditions described in the Section of the Act.
It is, therefore, our conclusion that the only sound and reasonable construction of the Act is that mere widening of a road does not constitute acquisition of land on a new location and, also, that the portion of the Act which refers to a new right of way line of "the proposed highway" reducing the distance from an existing single family residence to ten feet or less, refers back expressly to the acquisition of the highway "on a new location" and not to a situation such as exists in this cause.
 5 The legislature obviously felt that landowners were adequately protected where highways are widened; and that the extraordinary provision for acquisition of the entire tract should be limited to acquisition of land for highways on truly "new locations". The remaining provisions of the Eminent Domain Act adequately protect property owners near existing highways. If the legislature intended another result, it would have clearly so provided.
The judgment of the Circuit Court of Bureau County will, therefore, be reversed and this cause will be remanded to the Circuit Court of Bureau County with directions to vacate the order heretofore entered herein and to proceed in such cause in accordance with the views expressed in this opinion.
Reversed and remanded with directions.
STOUDER and SCOTT, JJ., concur.