MARJORIE PERKINS et al., Petitioners-Appellants, v. THE GREATER WABASH VALLEY WATER DISTRICT, Respondent-Appellee.

(No. 75-235;

Fifth District—December 12, 1975.

Richard C. Cochran and Joe Harrison, both of Cochran and Harrison, of Fairfield, David Stanley, of Carmi, and John L. Aulvin and Dale A. Allison, Jr., both of Aulvin & Allison, of Mt. Carmel, for appellants.

David K. Frankland, of Albion, for appellee.

Mr. PRESIDING JUSTICE KARNS delivered the opinion of the court:

This appeal is from an order of the Circuit Court of Wayne County dismissing appellants' petitions requesting that an election be held to

vote on the proposition of dissolving The Greater Wabash Valley. Water District pursuant to section 35 of the amended Public Water Districts Act (Ill. Rev. Stat. 1973, ch. 111⅔, par. 212.10).

Appellants, Marjorie Perkins and Lonnie Tait, are residents of Edwards County, Illinois and are circulators of two petitions to dissolve The Greater Wabash Valley Water District. The voters of Wayne, White, Wabash and Edwards Counties voted in favor of forming the water district on November 5, 1974, and on November 19, 1974, the Circuit Court of Wayne County declared the district duly organized. On November 26 and December 20, 1974, the instant petitions were filed, each bearing signatures of 100 electors within the water district. At the time the instant petitions to dissolve were filed the water district had no outstanding indebtedness. The dispute here is whether the petitioners are entitled to have an election called for the purpose of voting on whether the district should be dissolved under section 35 (Ill. Rev. Stat. 1973, ch. 111⅔, par. 212.10). No challenge has been made nor is made here to the validity of the formation of the district.

Section 35 of the amended Public Water Districts Act (Ill. Rev. Stat. 1973, ch. 111⅔, par. 212.10) provides that an election shall be called on the question of the dissolution of a public water district created by the act when 100 electors residing within the area of the public water district so petition the circuit court, and where the water district does not have outstanding and unpaid any revenue bonds issued under the Act. The petitioners claim that they therefore have a clear right to have an election called for a vote on whether the district should be dissolved. The respondent, The Greater Wabash Valley Water District, argues that the statute is ambiguous, that the legislature did not intend this section to serve as a restraint upon the formation of public water districts, and that petitioners, although perhaps within the letter of the statute, were not within its spirit and intendment. Respondent also points to other statutory language which it argues indicates that the legislature contemplated this dissolution procedure to be applicable only to established but nonfunctioning or unneeded water districts.

■■ In construing or interpreting a statute, courts must consider all the parts of a statute together. (*Department of Public Works & Buildings v. Wishnevsky*, 131 Ill.App.2d 702, 705, 267 N.E.2d 355, 357 (1971), *aff'd*, 51 Ill.2d 550, 283 N.E.2d 872 (1972).) Here the statute would apparently permit any public water district, regardless of the length of time it has been in existence, to be dissolved upon an election called on the petition of 100 electors of the district immediately following the organization of the district. Other provisions of the same statute, how-

ever, specify the procedures to be followed in winding up the affairs and obligations of the district. (Ill. Rev. Stat. 1973, ch. 111⅔, par. 212.10.) These latter clauses obviously contemplate that a dissolved district has in the past functioned or been in existence for a period of time. Considering then the statute as a whole, we do not think that it clearly and unambiguously provides that a newly formed public water district can be thus dissolved.

In determining the intent of the legislature in passing a statute, we must not only look to the language employed, but also the reason for the statute and the purposes sought to be accomplished. (*Follett's Illinois Book & Supply Store, Inc. v. Isaacs,* 27 Ill.2d 600, 606, 190 N.E.2d 324, 327 (1963); *People ex rel. Cason v. Ring,* 41 Ill.2d 305, 314, 242 N.E.2d 267, 270 (1968); *Graham v. Board of Education of Community High School District No. 77,* 15 Ill.App.3d 1092, 1097, 305 N.E.2d 310, 314 (1973).) The instant statute was enacted in 1967, as one of several amendments to the original Public Water Districts Act (Ill. Rev. Stat., ch. 111⅔, par. 188 *et seq.*). Prior to 1967, there existed no method of dissolving a public water district, although provisions for the creation of the same were part of the original act. The 1967 amendments added several sections to the Act and provided for methods for dissolving public water districts organized or created under the Act. (Ill. Rev. Stat. 1967, ch. 111⅔, pars. 212.4 to 212.9, 212.10.) The instant statute in addition to providing the mechanics for submitting the decision of whether to dissolve the district to the voters also provided for the continued validity of any tax levy, and the continued liability of the district on bonds issued and contracts entered into, requiring that the contracts and bonds be discharged. It further provided that any moneys remaining after the district's business affairs had been closed and all its debts and obligations had been met would be given proportionately to the various school districts within the boundaries of the water district. We believe, therefore, that the instant statute was intended by the legislature solely as a means of dissolving a public water district created under the Act which had become no longer functional or needed. To adopt the application urged by petitioners would yield the absurd result, which we believe the legislature did not intend, that a public water district could be formed by the vote of the electorate, and then immediately dissolved. A construction of the Act that would allow the instantaneous filing of a petition requiring a dissolution vote would frustrate the organization of a public water district by a relative few electors dissatisfied with the result of an election approving the formation of a district. Obviously, while a dissolution petition is pending, the trustees are prevented from marketing revenue bonds and otherwise effectively discharging their

organizational duties.[1] The legislature's intent was not to provide for a restraint upon the creation of public water districts.

Petitioners admittedly do meet the letter of the statute. However, where one fits within the letter of the statute, but does not also fit the spirit, object and intent of the statute, that person is not regarded as within the statute. (*Inskip v. Board of Trustees*, 26 Ill.2d 501, 187 N.E.2d 201 (1962); *Tidwell v. Smith*, 57 Ill.App.2d 271, 205 N.E.2d 484 (1965).) Therefore, we cannot consider the petitioners to be entitled to have an election called under the provisions of section 35 of the Public Water Districts Act (Ill. Rev. Stat. 1973, ch. 111⅔, par. 212.10) and hold that the trial court properly dismissed the instant petitions.

For the foregoing reasons, the judgment of the Circuit Court of Wayne County is affirmed.

Affirmed.

JONES AND CARTER, JJ., concur.

---

[1] The legislature has acted to remedy the problem presented by this appeal by limiting the applicability of section 35 to public water districts which have been in existence for at least 4 years. (Public Act 79—361, approved August 7, 1975, effective October 1, 1975.) This amendment is presently in effect. In view of our decision, we are not required to decide the applicability of this amendment to this case. We are mindful of the difficulties in applying statutory amendments whether denominated "procedural" or "substantive," retrospectively. Compare *Orlicki v. McCarthy*, 4 Ill.2d 342, 122 N.E.2d 513 (1954), with *Country Mutual Insurance Co. v. Knight*, 40 Ill.2d 423, 240 N.E.2d 612 (1968).