Original
No. 80-380

RICHARD MARTEL

v.

M. M. MADES CO., INC. & a.

March 16, 1981

*Laflamme, Champagne & Moquin,* of Manchester (*Richard C. Moquin* on the brief and orally), for the plaintiff.

*Devine, Millimet, Stahl & Branch,* of Manchester (*Alice S. Love* on the brief and orally), for the defendant.

PER CURIAM. The issue in this case is whether the labor commissioner erroneously interpreted RSA 281:26, I to mean that an award of benefits for partial loss of use of a hand and wrist could "not be made in any instance to the arm as a whole unless such injury affects the arm at or above the elbow." We find the labor commissioner's interpretation of the statute to be correct.

The plaintiff, Richard Martel, was employed by the defendant meat-packing company in a job that involved repetitive pounding with his right hand. In 1978, he developed pain and paresthesia of the median nerve of the hand. After an operation and a healing period, the plaintiff was examined by Dr. David G. Publow, a physician agreed upon by the parties. Dr. Publow determined that the plaintiff had "lost 30% of function to the affected right upper extremity." The parties agreed that the "affected right upper extremity" was the wrist, and submitted the question of the amount of the plaintiff's award to the New Hampshire Labor Commissioner, Robert M. Duvall. Pursuant to RSA 281:26, I, the commissioner awarded benefits to the plaintiff for a permanent partial loss of use of the hand, not of the arm. The plaintiff then filed a petition for a writ of certiorari in this court, arguing that the labor commissioner's interpretation of the statute is erroneous.

A statute that is clear and unambiguous is not subject to interpretation by this court. *Dupont v. Chagnon,* 119 N.H. 792, 794, 408 A.2d 408, 409 (1979); *Corson v. Brown Prods., Inc.,* 119 N.H. 20, 23, 397 A.2d 640, 642 (1979). RSA 281:26, I(u) provides that an award for permanent total loss of *use* of a member will be the same as for *actual* loss of that member. Subsection (r), dealing with actual loss of an arm by amputation, says that no award for the whole arm may be made unless the arm is amputated at or

above the elbow. In all other cases, the claimant is only entitled to an award for loss of the hand. Thus, the commissioner's interpretation of the statute is in accord with its plain meaning, and there is no error in the application of the statute. *See Wood v. General Elec. Co.*, 119 N.H. 285, 289, 402 A.2d 155, 158 (1979); *Dodier v. Dep't of Labor*, 117 N.H. 315, 317, 373 A.2d 341, 342 (1977).

*Affirmed.*

DOUGLAS, J., did not sit.