[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff's motion to strike the defendants' special defense arises in the context of a premises liability case, wherein the defendants have asserted the collateral source rule contained in General Statutes 52-225b as a special defense. The plaintiff's motion to strike is based upon the ground that CT Page 778 pleading reduction of damages due to collateral source payments is improper under the Practice Book and the Tort Reform Act of 1987 (Tort II).
The court concluded that the plaintiff's motion to strike must be granted because a reduction of damages under General Statutes 52-225a and 52-225b due to collateral source payments is not appropriately asserted as a special defense.
The complaint alleges that the plaintiff was injured when she fell while descending stairs located in premises owned and controlled by the defendants. In their second special defense, the defendants allege that the plaintiff was received funds from a collateral source, as defined by General Statutes 52-225b, and assert that they are entitled to a reduction of damages under General Statutes 52-225a.
The plaintiff filed the instant motion to strike challenging the propriety of pleading collateral source as special defense. The defendants filed an objection to this motion, and both parties have submitted appropriate memoranda of law.
A. Parties' Arguments
In support of her motion to strike, the plaintiff argues that the existence of collateral source payments is not properly pled as a special defense because a reduction of judgment based on receipt of collateral source payments is a post-verdict matter for the court to decide only after judgment has been rendered. In opposition, defendants argue that: (1) under Practice Book 168, that are allowed to plead any set off in their answer; (2) pleadings are no longer required to be presented to the jury; (3) pleading collateral source apprises the plaintiff of the issue at a time when discovery may be done; and (4) the defendants have the right to plead the case in any way that does not violate a rule of pleading.
B. Legal Analysis
A motion to strike is used to challenge the legal sufficiency of pleading, and may be used to strike a special defense, Practice Book 152(5); Krasnow v. Christensen, 40 Conn. Sup. 287,492 A.2d 850 (1985, Burns, J.). The legal sufficiency of a special defense may be determined by reference to section 164 of the Practice Book, which provides that "[f]acts which are consistent with [the plaintiff's statements of fact] but which show, notwithstanding, that he has no cause of action, must be specially alleged." See also Wiggins v. Johnson,1 Conn. L. Rptr. 228 (Jan. 25, 1990, Corrigan, J.) (adopting above as CT Page 779 definition of "special defense"). Thus, if facts provable under the allegations of the special defense, construed in the light most favorable to the defendant, show, notwithstanding the verity of the plaintiffs' allegations, that the plaintiff has no cause of action, then the motion to strike must fail. See Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989); Alarm Application v. Simsbury Volunteer Fire Co., 179 Conn. 541
545, 427 A.2d 522 (1980).
The second special defense alleges that the plaintiff has received for her injuries payments from a collateral source. This fact, construed in the defendants' favor, fails to show that the plaintiff has no cause of action. A collateral source reduction under section 52-225a of the General Statutes is undertaken only after damages are awarded by the trier of fact, on the basis of evidence which is "totally outside the scope of trial and which would be inadmissable there." Zagaja v. Guerra,5 CSCR 232, 233 (March 29, 1990, Satter, J.). The reduction is, in essence, a charge against that which is awarded to the plaintiff after it has proven the elements of his or her cause of action. Id. It follows, then — that this social defense is legally insufficient in that facts fairly provable thereunder fail to show that the plaintiff has no cause of action. Accord Wiggins v. Johnson, 1 Conn. L. Rptr. 228 (Jan. 25, 1990, Corrigan, J.); Vining v. Capone, 1 Conn. L. Rptr. 499 (April 12, 1990, Meadow, J.); Zagaja v. Guerra, supra; Rosiello v. Ladden,5 CSCR 712 (August 7, 1990, Santos, J.); Schon v. Schweitzer, 3 CTLR No. 1, 12 (Dec. 31, 1990, Corrigan, J.); Finnegan v. Fazo, 2 Conn. L. Rptr. 761 (October 31, 1990, Allen, J.); Zujewski v. Allen, 2 Conn. L. Rptr. 92 (July 16, 1990, Allen, J.); contra Krug v. Budney, 5 CSCR 146 (Jan. 18, 1990, Allen, J.).
The defendants argue that the motion to strike should be denied because the facts pled under the special defense show that the defendants are entitled to a setoff in the amount of payments received by the plaintiff, and that a setoff must be specially pled, citing Practice Book 168. See also, Colonial Bank Trust Co. v. Mattoff, 18 Conn. App. 20, 29, 556 A.2d 619
(1987).
The defendants' rights under the collateral source rule of section 52-225a do not constitute a setoff. A setoff has been defines as "a claim by a defendant against a plaintiff on a debt independent of the action sued upon." Savings Bank of New London v. Santaniello, 130 Conn. 206, 211, 33 A.2d 126 (1943); Rosiello v. Ladden, supra, 714. A setoff has also been defined as "a counter-claim demand which defendant holds against plaintiff, arising out of a transaction extrinsic of the plaintiff's cause of action." Black's Law Dictionary, 5th ed. CT Page 780 1979. In addition to arising from facts independent of the plaintiff's claims or cause of action, the previously cited definitions demonstrate that a setoff involves rights and liabilities as between the plaintiff and the defendant, and does not involve rights and liabilities as between a plaintiff or defendant and a third party. Because a claim for the reduction of damages based upon a plaintiff's receipt of collateral damages is premised upon transactions or occurrences not between the plaintiff and the defendants, but between the plaintiff and a third party, and because a collateral source reduction does not arise "independent of the action being sued upon," a collateral source reduction is not a setoff. Therefore, section 168 of the Practice Book does not require a collateral reduction to be specially pled.
The defendants' remaining legal arguments are: that pleadings are no longer required to be presented to the jury; that pleading collateral source as an affirmative defense apprises the plaintiff of the issue at a time when discovery may be done; and that the defendants have a right to plead their case in any way that does not violate a rule of pleading. The fact that a judge might elect not to send pleadings to the jury and that pleading collateral source would apprise the plaintiff of the existence of an issue do not make permissible an otherwise improper method of pleading. Pleading collateral source as an affirmative defense does not comply with the rule of pleading special defenses as contained in Practice Book 164.
Allegations stating that the plaintiff has received payments from a collateral source, as defined by General Statutes 52-225a and 52-225b, do not support a legally sufficient defense. Therefore, the plaintiff's motion to strike, being properly presented to the court, is granted.
SCHALLER, J.