OUTBOARD MARINE CORPORATION, Appellant, v. THE INDUSTRIAL COMMMISSION *et al.* (Donald E. Rivord, Appellee).

Second District No. 2—99—0577WC

Opinion filed January 14, 2000.

Paul W. Schumacher and Paul A. Krauter, both of Roddy, Power, Leahy, Guill, Zima & Gifford, Ltd., of Chicago, for appellant.

John J. Rizzo, of Decker & Linn, Ltd., of Waukegan, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Respondent employer Outboard Marine Corporation appeals from an order of the circuit court of Lake County confirming a decision of the Illinois Industrial Commission (Commission). The arbitrator

awarded claimant Donald Rivord $311 per week for 4 weeks for temporary total disability and $279.90 per week for 30 weeks for permanent partial disability (PPD) due to a 25% loss of the use of each of claimant's right index, middle, ring, and little fingers (820 ILCS 305/8(b), (e)(2) through (e)(5) (West 1996)). The Commission affirmed and adopted the decision of the arbitrator. The issue is whether the Commission's award of PPD based on a 25% loss of the use of four fingers of claimant's right hand was against the manifest weight of the evidence and contrary to law because the disability actually affected claimant's right hand as a whole. We affirm.

The parties and this court are familiar with the facts in this case, and they will not be recited in detail. Claimant, a die cast machine operator for respondent employer since March 1994, developed stenosing flexor tenosynovitis of the fingers of the right hand. He underwent an A-1 pulley release of the right index, middle, ring, and little fingers. Claimant had a previous carpal tunnel release on the right hand.

This case concerns the interrelationship of some of the subsections of 8(e) of the Workers' Compensation Act (Act) (820 ILCS 305/8(e) (West 1996)) scheduling the maximum compensation for loss or permanent and complete loss of use of specified members as follows:

"2. First, or index finger—40 weeks.

3. Second, or middle finger—35 weeks.

4. Third, or ring finger—25 weeks.

5. Fourth, or little finger—20 weeks.

\* \* \*

9. Hand—190 weeks. The loss of 2 or more digits, or one or more phalanges of 2 or more digits, of a hand may be compensated on the basis of partial loss of use of a hand, provided, further, that the loss of 4 digits, or the loss of use of 4 digits, in the same hand shall constitute the complete loss of a hand." 820 ILCS 305/8(e)(2) through (e)(5), (e)(9) (West 1996).

Respondent employer argues that, as a matter of law, claimant should have been awarded a percentage of a hand and not a percentage of each of the injured fingers. According to respondent employer, the facts of this case establish that the loss was for the use of the hand and not the individual fingers and that claimant presented the claim in this fashion to avoid a credit being applied as a result of an earlier settlement of 15% for injury to the right hand. Claimant's motivation in presenting the claim as he did is not an issue in this appeal.

██ ██ This court has recognized that the Commission's determinations of the nature and extent of an injury are matters within the expertise of the Commission, and the Commission's findings in those regards are given substantial deference. See *English v. Industrial*

*Comm'n*, 151 Ill. App. 3d 682, 685-86, 502 N.E.2d 1247, 1249 (1986). Here, however, in spite of respondent employer's failure to make a statutory construction argument, statutory construction appears to be the appropriate analysis. The primary goal of statutory construction is to ascertain and give effect to the intent of the legislature, and that is best evidenced by the clear and unambiguous language of the statute. *Modern Drop Forge Corp. v. Industrial Comm'n*, 284 Ill. App. 3d 259, 264, 671 N.E.2d 753, 756 (1996). To the extent that the issue raised on appeal involves construing the relevant statutes, statutory construction is a question of law, which this court considers *de novo*. *King v. Industrial Comm'n*, 301 Ill. App. 3d 958, 962, 704 N.E.2d 715, 718 (1998).

■■ Generally, the words of a statute are given their plain and commonly understood meanings, and only when the meaning of the statute is unclear will extrinsic aids to construction be employed. *King*, 301 Ill. App. 3d at 962, 704 N.E.2d at 718. In the context of workers' compensation law, the terms "loss" and "loss of use" are technical terms. Where technical terms are employed in a statute, they will be given their technical meaning if that is the context in which they are employed. *Maiss v. Metropolitan Amusement Ass'n*, 241 Ill. 177, 181, 89 N.E. 268, 269 (1909); *Department of Public Works & Buildings v. Wishnevsky*, 131 Ill. App. 2d 702, 704, 267 N.E.2d 355, 356 (1971); see *Galowich v. Beech Aircraft Corp.*, 92 Ill. 2d 157, 165-66, 441 N.E.2d 318, 321-22 (1982) (technical meaning of "costs"). "When the matter is one of outright loss, as by amputation, there may be a question [of] how much of the member must be removed to amount to loss of that member." 2 A. Larson, Law of Workmen's Compensation § 58.12, at 10—175 (1986) (hereinafter Larson). Larson then employs the example of the loss of a phalanx of a finger or toe being treated as a loss of a phalanx rather than the entire member. 2 Larson § 58.12, at 10—175-76. "Loss of use" of the member may be so severe that the injury is deemed a "loss" of the member, and Illinois has applied the test of whether the member or organ can perform its normal function. 2 Larson § 58.13(c), at 10—195-96. "Loss of a member is complete when the normal use of the member has been taken away." *Illinois Bell Telephone Co. v. Industrial Comm'n*, 265 Ill. App. 3d 681, 687, 638 N.E.2d 307, 311 (1994). When loss of use is found, benefits are generally calculated as a percentage of the benefits of total loss of the member. 2 Larson § 58.13(d), at 10—199. Therefore, when section 8(e) of the Act employs the term "loss," it means amputation, severance, or complete loss of use of the affected member or organ. When "loss of use" is employed in section 8(e) of the Act, it can be total or partial loss of use.

■ Looking at the language of section 8(e)(9), the Commission may employ that subsection in the following two ways: (1) awarding compensation for the partial loss of use of a hand if there is a loss of (a) two or more digits or (b) one or more phalanges of two or more digits; or (2) awarding compensation for complete loss of use of a hand if there is (a) loss of four digits or (b) loss of use of four digits. This case did not involve the loss of two or more digits or one or more phalanges of two or more digits on the same hand. 820 ILCS 305/8(e)(9) (West 1996). Therefore, the Commission could reasonably determine that a partial loss of use of the hand may not be the basis for awarding compensation under section 8(e)(9) of the Act in this case. Moreover, the facts do not establish a complete loss of use of claimant's right hand. There had not been a complete loss of four digits, and the loss of use of four digits was only partial as to each. Under the second clause of section 8(e)(9), only a "complete" loss of use of the hand was compensable. 820 ILCS 305/8(e)(9) (West 1996). The Commission implicitly determined this was not a complete loss of use of the hand. The question of what percentage of loss of use of each of four digits would amount to a "complete" loss of use of the hand would be a matter for the Commission to determine in light of the language of the statute. Here, the claimant's hand remained functional, although at a diminished level.

■ The Commission's interpretation of section 8(e)(9) of the Act is reasonable. Although it is not binding on this court and will be rejected if erroneous, an interpretation of a statute by an agency charged with administering it is afforded considerable deference. *King*, 301 Ill. App. 3d at 962, 704 N.E.2d at 718.

■ Since the statute authorizes the award given here, the Commission's decision is not against the manifest weight of the evidence. See *Martel v. M.M. Mades Co.*, 121 N.H. 231, 232-33, 427 A.2d 522, 522-23 (1981) (partial loss of use of a hand and wrist could not be the basis for a finding of loss of an arm or loss of use of an arm under the relevant statute).

The order of the circuit court of Lake County confirming the Commission's decision is affirmed.

Affirmed.

RAKOWSKI, COLWELL, HOLDRIDGE, and RARICK, JJ., concur.