743 N.E.2d 1038 (2001)
318 Ill.App.3d 100
252 Ill.Dec. 882
INSULATED PANEL COMPANY, Appellant,
v.
The INDUSTRIAL COMMISSION et al. (Harold J. Cuttie, Jr., Appellee).
No. 2-00-0404 WC.
Appellate Court of Illinois, Second District, Industrial Commission Division.
January 5, 2001.
*1040 Kevin J. Reid, Garofalo, Schreiber & Hart, Chtd., Chicago, for Insulated Panel Co.
John W. Hallock, Chairman, Industrial Commission of Illinois, Chicago, for Illinois Industrial Commission.
Charles E. Cronauer, Law Offices of Charles E. Cronauer, Sycamore, Kenneth D. Peters, Cronin & Peters, Chicago, for Harold J. Cuttie Jr.
Presiding Justice McCULLOUGH delivered the opinion of the court:
Respondent employer, Insulated Panel Company, appeals from the order of the circuit court of De Kalb County confirming a decision of the Illinois Industrial Commission (Commission). The arbitrator denied compensation to claimant, Harold J. Cuttie, Jr., but the Commission found claimant's injury "arose out of" and "in the course of" his employment (820 ILCS 305/2 (West 1998)) and awarded claimant $680.71 per week for 76 6/7 weeks for temporary total disability (TTD), $396.89 per week for 100 weeks for 50% loss of use of the right leg, and $3,938.87 medical expenses. 820 ILCS 305/8(a), (b), (e)(12) (West 1998).
The issues on appeal are whether (1) the circuit court committed an abuse of discretion in ordering the parties to limit briefs to 10 pages and considering only the first 10 pages of respondent employer's 50-page brief; (2) the Commission's finding that an accidental injury "arose out of" and "in the course of" claimant's employment with respondent (820 ILCS 305/2 (West 1998)) was contrary to law or against the manifest weight of the evidence; (3) the Commission's finding as to the average weekly wage was against the manifest weight of the evidence; and (4) the Commission's finding of partial permanent disability (PPD) to the extent of 50% loss of the leg was against the manifest weight of the evidence. We affirm.
Claimant fell and broke his leg while on a day-long sightseeing excursion on the island of Maui, Hawaii. At that time, he was traversing lava rocks. He and two other employees of respondent, including respondent's president, were in Hawaii on business to install an industrial freezer. The arbitrator found that claimant, in traversing the rocks, was taking an unreasonable risk not foreseeable to respondent and, therefore, the accidental injury did not "arise out of" and "in the course of" employment. 820 ILCS 305/2 (West 1998). The Commission disagreed, finding it was reasonable and foreseeable to anticipate that claimant would engage in some type of recreational activity and that the type of activity claimant was engaged in when injured was reasonable and foreseeable recreational activity.
The first issue is whether the circuit court committed an abuse of discretion in ordering the parties to limit briefs to 10 pages and considering only the first 10 pages of respondent employer's 50-page brief. Claimant argues that respondent has not preserved this issue for review by this court because the circuit court order limiting pages in the parties' briefs was not referred to in the notice of appeal. An order limiting the pages of briefs is a step in the procedural progression of the ultimate order affirming the Commission and is reviewable. See Jiffy Lube International, Inc. v. Agarwal, 277 Ill.App.3d 722, 726, 214 Ill.Dec. 609, 661 N.E.2d 463, 467 (1996).
The circuit court has an inherent power to control its own docket, and the ruling limiting briefs to 10 pages was not an abuse of discretion. See Bodine Electric v. City of Champaign, 305 Ill.App.3d *1041 431, 435, 238 Ill.Dec. 368, 711 N.E.2d 471, 474 (1999) (defining abuse of discretion). Additionally, we note that the parties at oral argument agreed that the trial court did not limit oral argument before making its decision.
We next consider whether the Commission's finding that an accidental injury "arose out of" and "in the course of" claimant's employment with respondent (820 ILCS 305/2 (West 1998)) was contrary to law or against the manifest weight of the evidence. It is undisputed that claimant was a traveling employee when he was injured.
"Under a traveling employee analysis, determination of whether an injury arose out of and in the course of the employee's employment depends on the reasonableness of the employee's conduct at the time of the injury and whether the employer could anticipate or foresee the employee's conduct or activity. Johnson [v. Industrial Comm'n], 278 Ill.App.3d [59] at 64 [214 Ill.Dec. 802, 662 N.E.2d 156]; Bailey [v. Industrial Comm'n], 247 Ill.App.3d [204] at 208 [187 Ill.Dec. 97, 617 N.E.2d 305]; Howell Tractor & Equipment Co. [v. Industrial Comm'n], 78 Ill.2d [567] at 574 [38 Ill.Dec. 127, 403 N.E.2d 215]. See Wright [v. Industrial Comm'n], 62 Ill.2d [65] at 70 [338 N.E.2d 379]; David Wexler & Co. [v. Industrial Comm'n], 52 Ill.2d [506] at 510 [288 N.E.2d 420]; Ace Pest Control [v. Industrial Comm'n], 32 Ill.2d [386] at 388-89 [205 N.E.2d 453]; Chicago Bridge & Iron [v. Industrial Comm'n], 248 Ill.App.3d [687] at 694 [188 Ill.Dec. 573, 618 N.E.2d 1143]. Under this approach, Illinois courts have repeatedly held that, even though the recreational activities of a traveling employee fall outside the scope of employment, any injuries incurred during those activities are compensable under the Act as long as the recreational activity and the employee's conduct were reasonable and foreseeable. Howell Tractor & Equipment, 78 Ill.2d at 574 [38 Ill.Dec. 127, 403 N.E.2d 215]; Wright, 62 Ill.2d at 71 [338 N.E.2d 379]; Johnson, 278 Ill.App.3d at 64 [214 Ill.Dec. 802, 662 N.E.2d 156]; Bailey, 247 Ill.App.3d at 208 [187 Ill.Dec. 97, 617 N.E.2d 305]. See also David Wexler & Co., 52 Ill.2d at 510-11 [288 N.E.2d 420]. This added protection is afforded under the Act because [i]t is expected that an employee working out of town will seek some type of recreational activity on his days of rest' (Wright, 62 Ill.2d at 71 [338 N.E.2d 379]) and that `"[i]t would be obviously unreasonable and contrary to the intendment of the [Workers'] Compensation Act and its purposes to say that a traveling employee has the protection of the Act only when in the physical act of performing [her] duties and only in the course of a normal business day"' (Wright, 62 Ill.2d at 71 [338 N.E.2d 379], quoting Wexler, 52 Ill.2d at 511 [288 N.E.2d 420])." Bagcraft Corp. v. Industrial Comm'n, 302 Ill.App.3d 334, 338, 235 Ill.Dec. 736, 705 N.E.2d 919, 921-22 (1998).
In Bagcraft, the employee was injured while riding an all-terrain vehicle at the lodge in which he was staying after the conclusion of the business meeting he attended on that day. Bagcraft, 302 Ill. App.3d at 337, 235 Ill.Dec. 736, 705 N.E.2d at 920-21. Respondent cites Jensen v. Industrial Comm'n, 305 Ill.App.3d 274, 238 Ill.Dec. 468, 711 N.E.2d 1129 (1999), in which the employee was also injured while riding an all-terrain vehicle. In Bagcraft, as well as Jensen, we affirmed the Commission's decision. In this case, claimant, accompanied by the president of respondent and another employee, were on a sightseeing trip in Maui on their only day off since going there to install an industrial freezer. While walking toward a lagoon in an unrestricted area, they walked on lava rocks that formed the coastline. When claimant stepped on one of the lava rocks, it gave way and he fell about 20 feet.
The reasonableness and foreseeability of a traveling employee's recreational activities are facts to be determined by the Commission. Respondent argues that the facts are undisputed, creating a question of law. However, when divergent inferences may reasonably be drawn from undisputed facts, a question of fact is presented. *1042 Sorenson v. Industrial Comm'n, 281 Ill.App.3d 373, 381, 217 Ill.Dec. 44, 666 N.E.2d 713, 718 (1996). Here, divergent inferences could have been drawn, and the factual determinations by the Commission are reviewed on the manifest weight of the evidence standard. Beattie v. Industrial Comm'n, 276 Ill.App.3d 446, 449, 212 Ill. Dec. 851, 657 N.E.2d 1196, 1199 (1995).
The activity was reasonable and foreseeable to the respondent employer, particularly when claimant was invited to participate and was accompanied by the president of the company. Respondent's attempt to color the activity as unreasonable and unforeseeable because, as the lava rocks got bigger, claimant had to jump between them, does not require a different result. As this court stated in Beattie, "[t]he test is not whether this or any other tribunal might reach the opposite conclusion, but whether there was sufficient factual evidence * * * to support the Commission's determination." Beattie, 276 Ill.App.3d at 450, 212 Ill.Dec. 851, 657 N.E.2d at 1199. The Commission's finding that the activity was reasonable and foreseeable was not against the manifest weight of the evidence.
The third issue concerns the Commission's finding as to the average weekly wage. The four statutory methods for calculating average weekly wage were recently discussed by this court in Sylvester v. Industrial Comm'n, 314 Ill.App.3d 1100, 1106-07, 247 Ill.Dec. 696, 732 N.E.2d 751, 756 (2000).
Based on respondent's exhibit No. 3, a wage statement, the Commission found claimant missed 49 days in the prior 52 weeks, and his compensation during that period was $43,089.04. Fifty-two weeks times five days equals 260 days. Subtracting 49 days from 260 days leaves 211 days, or 42.2 weeks. The Commission then divided $43,089.04 by 42.2 weeks and arrived at an average weekly wage of $1,021.07.
Respondent refers to the arbitrator's calculations. The arbitrator divided $43,089.04 by 51 weeks and arrived at an average weekly wage of $844.88. Respondent makes two contentions: (1) "overtime" pay should not be included in the calculation of the average weekly wage, and (2) the method of calculating the average weekly wage used by the Commission was inappropriate.
We reject respondent's second contention. Based on the Sylvester decision, the Commission properly used the second statutory method. Sylvester, 314 Ill. App.3d at 1107, 247 Ill.Dec. 696, 732 N.E.2d at 756; see also D.J. Masonry Co. v. Industrial Comm'n, 295 Ill.App.3d 924, 932-34, 230 Ill.Dec. 450, 693 N.E.2d 1201, 1206-08 (1998).
As to the first contention, respondent argues that its exhibit No. 3 included overtime pay that should not have been included in the calculation of the average weekly wage. See Edward Hines Lumber Co. v. Industrial Comm'n, 215 Ill.App.3d 659, 666-67, 159 Ill.Dec. 174, 575 N.E.2d 1234, 1238-39 (1990) (Commission properly calculated average weekly wage based on hours regularly worked at straight-time rate). This contention has been waived.
Respondent did not argue that a portion of the $43,089.04 of claimant's total earnings in the 52-week period prior to injury should not be considered because it was overtime pay. Arguments not made before the Commission are waived. Taylor Coal Co. v. Industrial Comm'n, 301 Ill. 381, 387-88, 134 N.E. 169, 171 (1922); Stephens v. Industrial Comm'n, 284 Ill. App.3d 269, 273, 219 Ill.Dec. 596, 671 N.E.2d 763, 766 (1996). Here, the proper method for calculating the average weekly wage was an issue before the Commission, but the argument respondent now presents on judicial review was not made to the Commission.
The final issue is whether the Commission's finding of PPD to the extent of 50% loss of the leg was against the manifest weight of the evidence. The Commission found claimant permanently partially disabled to the extent of 50% of the right leg. 820 ILCS 305/8(e)(12) (West 1998). Respondent argues that claimant *1043 had an open fracture of the right ankle and, therefore, the award should have been a percentage of loss of the right foot rather than the leg. See 820 ILCS 305/8(e)(11) (West 1998). Respondent cites no legal authority that requires such an interpretation of section 8(e) of the Act or otherwise requires such a result. See Outboard Marine Corp. v. Industrial Comm'n, 309 Ill.App.3d 1026, 1029-30, 243 Ill.Dec. 532, 723 N.E.2d 835, 837-38 (2000) (discussing loss of fingers versus loss of a hand). In light of the Commission's expertise, its findings on disability are given substantial deference. English v. Industrial Comm'n, 151 Ill.App.3d 682, 686, 104 Ill.Dec. 587, 502 N.E.2d 1247, 1249 (1986) (discussing the appropriate percentage of partial disability under the facts of that case).
The Commission correctly found that claimant suffered severely comminuted displaced fractures of the distal tibia and fibula with posterior malleolar component for which he underwent open reduction and internal fixation with a pin. An "ankle" is the joint between the foot and the leg. Webster's Third New International Dictionary 86 (1986). The tibia and fibula are leg bones. Stedman's Medical Dictionary 650 (fibula), 1813 (tibia) (26th ed.1995). The Commission's finding that claimant was permanently partially disabled to the extent of 50% of the right leg was not against the manifest weight of the evidence. Moreover, injury to the bones and ligaments of the ankle may be compensable as a percentage loss of the leg. See Loggins v. Mallory Capacitor Co., 344 So.2d 522 (Ala.Civ.App.1977).
The order of the circuit court of De Kalb County confirming the Commission's decision is affirmed.
Affirmed.
HOFFMAN, COLWELL, HOLDRIDGE, and RARICK, JJ., concur.