15893

POLK v. BROOKLYN COOPERAGE CO.
(40 S. E. (2d), 505)

*Mr. George W. Keels,* of Florence, for Appellant,

*Messrs. George D. Levy* and *A. S. Merrimon,* of Sumter, for Respondent,

November 29, 1946.

Mr. Associate Justice Oxner delivered the unanimous opinion of the Court.

This is a proceeding under the Workmen's Compensation Act. Claimant sustained an injury on April 27, 1944, when a piece of lumber fell on his head. It is admitted that the accident arose out of and in the course of his employment. Medical attention and hospitalization were furnished by the employer, a self-insurer under the Act, and claimant was paid compensation for temporary total disability until he was pronounced able to return to work by the attending physician. Thereafter a hearing was had on his claim for further compensation. The hearing Commissioner awarded claimant compensation "for 75% loss of use of his right arm" and the sum of $1,500.00 for "serious bodily disfigurement". On review by the full Commission this award was affirmed. On appeal by the employer to the Court of Common Pleas, that Court held that the factual findings of the Commission were not supported by evidence and reversed the award in its entirety. Claimant has appealed. The exceptions relating to that portion of the order of the lower Court holding that the evidence was insufficient to sustain the award for partial loss of use of claimant's right arm have been abandoned, and we are asked to review only that portion of the order reversing the award for serious bodily disfigurement.

The lower Court stated that the disfigurement award "was made solely upon the observation of claimant by the

Commissioner and the Commissioner's conclusion that claimant had a serious bodily disfigurement", and concluded under the authority of *Parrott v. Barfield Used Parts et al.,* 206 S. C., 381, 34 S. E. (2d), 802, that this was "insufficient, in the absence of evidence, to support a disfigurement award." The sole question for our determination is whether the lower Court erred in holding that there was no evidence of disfigurement. Apparently it is respondent's contention that the observation of claimant's disfiguremnt by the Commissioner was not enough, but there should have been some *testimony offered* to establish.the fact of disfigurement.

It is difficult to reconcile the position now taken by respondent with that taken during the hearing before the single Commissioner. During cross-examination of the attending physician by respondent's counsel, this witness testified that in his opinion there was no disfigurement. On re-direct examination, claimant's counsel sought to prove disfigurement by this physician, but the hearing Commissioner held that he could not do so "because that (disfigurement) is a question purely within the discretion of the Commissioner, not the doctor." When the examination of the attending physician was concluded, claimant's counsel asked that the hearing be continued in order to afford him an opportunity of securing the attendance of a physician who would testify on the question of disfigurement, to which respondent's counsel replied: "Well, that is a matter, as Your Honor said, entirely discretionary with the Court, and it doesn't require medical testimony to determine the matter of disfigurement." After some discussion, the motion for a continuance was refused.

Some time later a second hearing was held at which the record shows that the following statement was made by the Commissioner in the presence of counsel: "It has been agreed by counsel * * * that I am viewing the claimant as to any disfigurement he might have. He has a scar about eight inches in length extending from the base of the skull to the top of the shoulder blade, approximately a quar-

ter of an inch wide for a distance of two inches above the shoulder blade, and from that point to the base of the skull about·an eighth of an inch wide, with a brownish cast to it."

It appears to us that respondent's counsel acquiesced ▮ in the view of the hearing Commissioner that the question of disfigurement could be determined by him from an observation of the claimant without additional evidence. Respondent is, therefore, not in a position to complain of the failure of claimant to prove disfigurement by medical or other testimony. This conclusion constitutes a sufficient ground for a reversal of the order appealed from. But in view of the fact that the question constantly arises and is of such importance that it should be determined, we shall undertake to consider it without reference to the position taken by counsel before the hearing Commissioner.

We think the Court below and respondent's counsel misapprehended the effect of our decision in *Parrott v. Barfield Used Parts et al., supra.* There the evidence offered was insufficient to establish the fact of disfigurement. The hearing Commissioner observed claimant but there was nothing in the record or in his award indicating what he observed. He reached the general conclusion that there was a serious bodily disfigurement but failed to state the precise nature and extent of the disfigurement found. It was sought to support the award on the theory that the observation of the claimant by the hearing Commissioner disclosed matters not apparent in the record. It was held that this could not be done and that the record brought up for review must contain a description of the condition and appearance of the claimant sufficient to sustain the general finding made.

We still adhere to the rule announced in *Parrott v.* ▮▮ *Barfield Used Parts* that the record should show more than the fact that the alleged disfigurement was observed by the Commission. In the recent case of *Shillinglaw v. Springs Cotton Mills et al.,* filed November

12, 1946, we said: "The record should contain such a statement of the condition and appearance of the claimant as would enable a reviewing court to determine the propriety of a disfigurement award." But we do not think it is necessary in all cases to meet this requirement by testimony. If there is an issue as to the permanency of the alleged disfigurement, medical testimony may be necessary; but where the only question involved is the existence or non-existence of disfigurement, the presence or absence of same can be discerned in the ordinary case by a layman and is not a question peculiarly within the knowledge of medical experts.

It is well established that proceedings before the Industrial Commission may be summary and informal and that the Act contemplates simplicity of procedure. No good reason appears why ordinarily it would not be sufficient in cases involving claims for disfigurement for the hearing Commissioner or the full Commission, after observing claimant, to state in the record a full description of his appearance and the nature and extent of his alleged disfigurement. Of course, this should be done at the hearing and in the presence of counsel and should not appear for the first time in the opinion or award when counsel would have no opportunity to challenge the accuracy of the Commissioner's observation. It should not be essential that such a statement be supplemented by testimony of witnesses. Should the observation made by the Commissioner in the record incorrectly reflect the true condition and appearance of the claimant, any inaccuracies could then be called to his attention and corrected. If deemed necessary by either or both parties, additional evidence may be offered for, of course, the foregoing method of proving or disproving disfigurement is not exclusive. There may be unusual cases where the record should contain more than a statement of the observation made by the Commissioner, but it would seem that the foregoing procedure would be adequate in the ordinary case.

We think the record before us meets the requirements herein stated.

The judgment of the lower Court is reversed and the case is remanded for the purpose of reinstating the disfigurement award made by the Commission.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES and TAYLOR concur.