15909

DURANT v. ANCOR CORPORATION *ET AL.*

(41 S. E. (2d) 96)

*Messrs. Moore & Mouzon,* of Charleston, for Appellants,

*Mr. J. D. Parler,* of St. George, and *Mr. Jas. Julien Bush,* of Barnwell, for Respondent,

January 24, 1947.

Mr. Chief Justice Baker delivered the unanimous opinion of the Court.

Respondent received injuries arising out of and in the course of his employment by the appellant, Ancor Corporation. While working in a tank with a fellow employee, acid splashed on his right leg just above the ankle, burning same. He was treated by doctors who testified in the case. He was allowed certain compensation for temporary total disability which was later set aside by the Circuit Judge for lack of supporting testimony, and there is no appeal from such ruling. He was also awarded by the Hearing Commissioner $15.60 per week for a period of 131 1/4 weeks, representing 75% loss of the use of his leg; and $1,200.00 for bodily disfigurement, which awards were affirmed by the Full Commission, and by the Circuit Judge, who heard the matter on appeal to the Common Pleas Court. -

The exceptions raise two questions:

"1. Does the evidence support the award of compensation for permanent disability of claimant's leg rather than his foot?

"2. Does the evidence support the award for serious bodily disfigurement?"

The testimony on the first question is meager. There is no medical testimony supporting the finding of any permanent disability to respondent's foot or leg. The only reasonable inference from respondent's testimony is that he has a disability of the foot, if any disability exists. It is true that he testified that the leg pained him and was stiff in the morning, but when his testimony is considered as a whole, it leaves no doubt that the trouble, in so far as loss of use is

concerned, was in the foot and ankle joint or instep. The location of the disability was given by the respondent at least four times as centering in his ankle joint, which for the purpose of compensation, is deemed a part of his foot.

We are dealing here with the question of disability and not disfigurement. There is no dispute that the scar, resulting from the burn, was above the ankle.

We cannot say that there is no testimony as to disability to the respondent's foot, but the finding that the respondent has a permanent partial disability of the leg as distinguished from the foot, is not supported by the testimony, and the exception raising that question is sustained. However, in view of the disposition being made of this appeal, the claimant will not be deprived of having a finding made as to disability of his foot, if in the judgment of the Commission, such be warranted.

As to the second question, there is testimony that the respondent has a scar from the acid burn above the ankle, extending from the front of the leg around to the back, about four by three inches in size; that it is hard to heal, and it would not be unusual for it to break out again. We cannot say that there is no testimony warranting a finding of serious bodily disfigurement. It, however, appears that the amount of the disfigurement award was based upon this scar, and that "claimant walked with a decided limp." The latter finding in turn was based solely upon the observation of the respondent by the Hearing Commissioner. While the respondent doubtless appeared before the Full Commission, as he did before the Circuit Judge, there is no specific finding of the Full Commission on this point; and Judge Mann says in his order that respondent appeared before him, "and the wound, bound in bandage, was exhibited to me also," but he says nothing about a limp.

In *Polk v. Brooklyn Cooperage* Co., 40 S. E. (2d) 505, . . . . S. C. . . . ., we said:

"No good reason appears why ordinarily it would not be sufficient in cases involving claims for disfigurement for the hearing Commissioner or the full Commission, after observing claimant, to state in the record a full description of his appearance and the nature and extent of his alleged disfigurement. Of course, this should be done at the hearing and in the presence of counsel and should not appear for the first time in the opinion or award when counsel would have no opportunity to challenge the accuracy of the Commissioner's observation."

In the instant case the hearing Commissioner failed to state in the record anything with reference to a limp in the walk of respondent. This appears for the first time in his opinion. In this respect, the procedure followed does not meet the requirements laid down in *Polk v. Brooklyn Cooperage Co.,* and, therefore, the alleged fact of a limp in the walk of respondent was improperly taken into consideration in fixing the amount of the disfigurement award. Since the disfigurement award is partially based thereon, it is necessary to remand the case to the Circuit Court, as was done in the case of *Shillinglaw v. Springs Cotton Mills et al.,* decided November 12, 1946, which is apposite.

The judgment is reversed and the case remanded to the Court below, and that Court is directed to remand it to the Industrial Commission for further proceedings in accordance with this opinion.

MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES, TAYLOR and OXNER concur.