19995

Lonzy BURNS, Jr., Respondent, v. Moses JOYNER, Vendor selling to Canal Wood Corporation, Employer and Self-Insurer, Appellant.

(213.S. E. (2d) 784)

*Messrs. Wright, Scott, Blackwell & Powers,* of Florence, *for Appellants,*

*Messrs. Hoover C. Blanton,* of Columbia, and *Saleeby & Cox,* of Hartsville, *for Respondent,*

April 14, 1975.

Moss, Chief Justice:

This case arose under the South Carolina Workmen's Compensation Act, Section 72-1 *et seq.,* Code of 1962, as amended. There is here involved an appeal by the employer, a self-insurer, from an order of the circuit judge affirming an award of the Commission.

Lonzy Burns, Jr., the respondent herein, a pulpwood cutter for Moses Joyner, the appellant herein, received an injury on December 11, 1971, in the course and scope of his employment, while walking through the woods carrying a chain saw, when his right leg went into a stump hole up to his groin. The respondent reported his injury to his employer but continued to work. The respondent continued to complain of his injury and on December 26, 1971, his employer sent him to a physician for treatment, and his injury was diagnosed as a sprained right ankle. The respondent's condition worsened and on January 11, 1972, the physician found that gangrene had begun to develop in one of his toes. The physician admitted the respondent to the hospital the following day and tests developed the fact that he was a diabetic and that he was suffering from a vascular disease. The respondent was treated in the hospital for two weeks but did not respond thereto and it became necessary to amputate his right foot. Thereafter, further amputation on his right leg became necessary.

At a hearing before the single commissioner the respondent was awarded compensation for temporary total disability, for disfigurement and for the loss of his right foot. This award was upheld by the Full Commission. Thereafter, the employer appealed from this award to the circuit court, and such was heard by the Honorable James A. Spruill, Jr., Presiding Judge, who affirmed the award of the Full Commission and dismissed the appeal. This appeal followed.

It is well settled that in Workmen's Compensation cases the Industrial Commission is the fact-finding body and

neither the circuit court nor this Court will disturb the ruling of the Commission if there is evidence to sustain its factual findings. *Davis v. McAfee Mfg. Co.,* 259 S. C. 433, 192 S. E. (2d) 328.

The appellant questions the findings of fact by the Commission in the following particulars: (1) Was there competent evidence to support a finding of causal connection between the original injury to the respondent and the subsequent amputation of his right foot; (2) Was a claim for benefits filed by the respondent within one year of his injury; (3) Was the appellant estopped to assert the one year limitation of Section 72-303 if the claim was not filed within one year; and (4) Was the award for temporary total disability proper under the evidence. These four questions all raise factual issues which were determined adversely to the appellant. No useful purpose would be served by reviewing the testimony in detail as to these questions. It is sufficient to say that the evidence in the record supports and sustains the factual conclusions of the Commission.

The respondent was given an award for temporary total disability from the time of his entry into the hospital until he reached maximum recovery, at which time he was fitted with a prosthesis. He was also given an award pursuant to Section 72-153(14) for the loss of his foot. The appellant asserts that he was entitled to an offset of the award for temporary total disability against the award for the loss of the foot. The Commission and the trial judge refused such and error is asserted. This question is answered adversely to the contention of the appellant under the case of *Hines v. Hendricks Canning Co.,* S. C., 211 S. E. (2d) 220.

The appellant contends that the circuit judge erred in affirming the award of the Full Commission, the error being that the only reasonable inference to be drawn from the evidence is that the appellant did not receive a fair and impartial hearing before the single commis-

sioner. The trial judge disposed of this contention as follows:

"However, having read all of the testimony, the writer does not feel that this objection should be sustained. It is true that the Hearing Commissioner participated actively in the case. However, it is his responsibility to arrive at a fair determination of the facts and not merely to serve as an umpire calling a contest between competing attorneys. While it would, of course be possible for the Commissioner to so overplay his role as to deny a party a fair hearing, the writer is of the opinion that that was not done in the instant case."

It is our conclusion that he committed no error in so holding.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, LITTLEJOHN, and NESS, JJ., concur.