380 So.2d 482 (1980)
Edward J. LaBRECQUE, Appellant,
v.
FLORIDA VOCATIONAL REHABILITATION AND DIVISION OF RISK MANAGEMENT, Appellee.
No. QQ-172.
District Court of Appeal of Florida, First District.
February 14, 1980.
*483 Stephen Marc Slepin of Slepin & Slepin, Tallahassee, for appellant.
Thomas F. Woods of Woods, Johnston & Erwin, Tallahassee, for appellee.
PER CURIAM.
Claimant appeals a compensation award of 40% permanent disability to the foot. Cross-appellant appeals the award of attorney's fees.
Claimant injured his right ankle in an industrial accident on May 13, 1975. Dr. Bellamy testified that claimant's disability rating was 50% permanent impairment of the foot, 40% permanent impairment of the leg, or 35% permanent disability of the body as a whole considering his ankle injury in conjunction with a preexisting degenerative arthritis in his left hip. The JIC awarded claimant a 40% permanent disability of the leg, entitling him to 80 weeks of compensation.
Claimant urges on appeal that he was entitled to the most favorable remedy, i.e., 50% of the foot, entitling him to 87 1/2 weeks of compensation, or 35% permanent disability of the body as a whole. We agree and reverse the order as to the 40% disability of the leg. In reviewing the record, we do not find competent, substantial evidence to support an award of 35% permanent disability of the body as a whole. However, the evidence does support the finding that the claimant sustained a permanent disability to his ankle.
It is apparent that an ankle injury could be interpreted as either a foot injury or a leg injury. Since Section 440.15(3), Florida Statutes (1973) addresses injuries for the loss of a foot or loss of a leg but makes no mention of loss of an ankle, the JIC should have awarded claimant the most favorable remedy, disability for loss of a foot. When the Workmen's Compensation Act is susceptible of disparate interpretations, the construction most favorable to the employee shall be adopted. Farrens Tree Surgeons v. Winkles, 334 So.2d 569 (Fla. 1976).
We reverse the award as to the disability and instruct the JIC to enter an order awarding claimant a 50% permanent disability of the foot. As to all other issues, the JIC's order is affirmed.
MILLS, C.J., and McCORD and BOOTH, JJ., concur.