611 S.E.2d 527

**Samuel K. PEOPLES, Respondent,**

v.

**HENRY COMPANY and Zurich American Insurance Co., Appellants.**

**No. 3972.**

Court of Appeals of South Carolina.

Submitted Feb. 1, 2005.

Decided March 28, 2005.

Andrew D. Kaplan, Steven M. Rudisill, of Charlotte, for Appellants.

David Vance Benson, of Rock Hill, for Respondent.

HEARN, C.J.

This is a workers' compensation case. Henry Company and its insurer appeal an order of the circuit court finding its employee, Samuel K. Peoples, sustained an injury arising out of and in the course of employment and awarding him compensation for sixty-eight percent permanent partial disability to his right lower extremity. We affirm.

## FACTS

Peoples, a forty-three year old man with a high school education, worked for Henry Company for twenty-three years. An accident at work in 1999 resulted in a rupture of his Achilles tendon. He underwent two surgeries and a third one was recommended. Peoples elected not to have the third surgery because the chances of improvement did not appear to be good, and he would likely face a fusion of his ankle bones.

After the surgeries, Peoples returned to work at the same job but endured constant pain. On a scale of one to ten, his pain level was at a six in the morning and at a seven when he returned home at the end of the day. He takes medication, but his leg remains swollen and painful. He now has difficulty walking and standing for long periods of time. Peoples stated that he is unable to participate in sports, cannot lift heavy objects, and climbs stairs with difficulty. Additionally, his ability to rotate his ankle is impaired and his lateral movement has been reduced by seventy percent.

The pain in Peoples' right leg generally radiates to just below the knee. He has a scar on the back of his leg about

eight inches long running from his heel toward his knee. He must wear protective shoes to work every day. Peoples further testified that he has pain from his heel to his lower back from time to time, and that he takes Ultracet to control the pain.

The single commissioner held that Peoples had undergone a sixty-eight percent permanent partial disability to his right lower extremity and awarded benefits accordingly. The commissioner also ordered Henry Company to provide orthopedic footwear for life and to continue to provide Peoples with Ultracet or some equivalent medication for the pain.

Henry Company appealed to the full commission. The commission affirmed, except that it reduced the level of disability to forty percent.

Both parties appealed to the circuit court. The circuit court found that the decision of the full commission to reduce the level of disability to forty percent was without evidentiary support. The circuit court therefore reinstated the award of sixty-eight percent disability by the single commissioner. Henry Company argued on appeal that Peoples' injury was to his foot only, not his leg. Finding the Achilles tendon to be a part of the leg, the circuit court affirmed the remainder of the commission's order.

Henry Company has appealed, arguing the circuit court erred in (1) sustaining the finding of partial disability to his leg instead of only his foot, and (2) finding that Peoples needed Ultracet to control the pain.

## STANDARD OF REVIEW

Judicial review of a decision of an administrative agency is governed by the South Carolina Administrative Procedures Act, S.C.Code Ann. §§ 1–23–310 to –400 (Supp.2004). Section 1–23–380(A)(6) establishes the substantial evidence rule as the standard of review. *Lark v. Bi–Lo, Inc.,* 276 S.C. 130, 134, 276 S.E.2d 304, 306 (1981). Under this standard, a reviewing court may reverse or modify an agency decision based on errors of law, but may only reverse or modify an agency's findings of fact if they are clearly erroneous. S.C.Code Ann. § 1–23–380(A)(6)(d) and (e).

██ Accordingly, a reviewing court may not substitute its judgment for that of the commission as to the weight of the evidence on questions of fact. *Stephen v. Avins Constr. Co.,* 324 S.C. 334, 337, 478 S.E.2d 74, 76 (Ct.App.1996). Instead, review of issues of fact is limited to determining whether the findings are supported by substantial evidence in the record. *Hargrove v. Titan Textile Co.,* 360 S.C. 276, 289, 599 S.E.2d 604, 610–11 (Ct.App.2004). "On appeal, this court must affirm an award of the Workers Compensation Commission in which the circuit court concurred if substantial evidence supports its findings." *Solomon v. W.B. Easton, Inc.,* 307 S.C. 518, 520, 415 S.E.2d 841, 843 (Ct.App.1992).

## LAW/ANALYSIS

██ Henry Company first argues the circuit court erred in affirming the commission's award for disability to Peoples' right leg instead of only his right foot. We disagree.

██ "Workers' compensation statutes are to be construed in favor of coverage. . . ." *Lester v. S.C. Workers' Comp. Comm'n,* 334 S.C. 557, 561, 514 S.E.2d 751, 752 (1999). Any reasonable doubts as to construction should be resolved in favor of coverage. *Id.* at 561, 514 S.E.2d at 753.

Section 42–9–30 of the South Carolina Code (Supp.2003) provides the schedule for compensation for various injuries under this state's workers' compensation system. Subsection (14) provides that for the loss of a foot a worker is to receive 66 2/3% of the average weekly wages during 140 weeks. Subsection (15) provides that the compensation for the loss of a leg is 66 2/3% of the average weekly wages during 195 weeks. In cases involving partial schedule member losses, the amount of the award is proportionate to the percentage of loss of use of the member. *See* S.C.Code Ann. § 42–9–30(18) (1976).

Henry Company cites *Dunmore v. Brooks Veneer Co.,* 248 S.C. 326, 149 S.E.2d 766 (1966), for the proposition that an injury to the lower extremity below the knee not causing damage to the knee, thigh, or hip joint is considered an injury to the foot and not the leg. In *Dunmore,* the worker's foot was crushed, necessitating amputation. *Id.* at 331, 149 S.E.2d at 768. His physician determined that the optimum site to

make the amputation was approximately five to seven inches below the knee. The reason for this was that a stump of that length would heal more quickly and provide sufficient leverage for walking. Such procedures are called "site of election" amputations. *Id.* The court held that since a portion of the leg was amputated to assist the worker in accommodating for the loss of the foot, the injury would be considered a total loss of the foot only, and not a total or partial loss of the leg. *Id.* at 331–33, 149 S.E.2d at 768–69.

However, this case neither involves a site of election amputation nor a total loss of a body part.[1] The injury in the present case, rather, is similar to the injury in *Durant v. Ancor Corp.*, 209 S.C. 509, 41 S.E.2d 96 (1947). In *Durant*, the worker was injured when acid splashed on his right leg just above the ankle. The commissioner awarded the worker compensation for seventy-five percent loss of use of his right leg. The South Carolina Supreme Court reversed, finding the only reasonable inference from the testimony is that the worker suffered, at most, a disability of the foot and not the leg. The court noted that the worker testified that his "leg pained him and was stiff in the morning," but discounted this testimony in light of his testimony as a whole that his loss of use was in his ankle joint or instep. *Id.* at 510–11, 41 S.E.2d at 96.

In the present case, contrary to the evidence presented in *Durant*, there is ample testimony that Peoples suffered a disability to his leg, not just his foot. Peoples testified that during a typical workday, "there is a lot of pain in [his] leg," and that the pain is "not in [his] foot, it's in [his] leg." Peoples stated that the pain sometimes runs all the way up to the small of his back, but at the time of the hearing, it was confined to his lower leg, "right to the back of [his] knee joint." The commissioner noted during the hearing that "it appears that the right lower leg particularly at the side of the ankle and extending above is about 30 percent larger than the

---

1. Similarly, the other cases relied upon by Henry Company, *Burns v. Joyner*, 264 S.C. 207, 213 S.E.2d 734 (1975) and *Jewell v. R.B. Pond Co.*, 198 S.C. 86, 15 S.E.2d 684 (1941), also involve amputation injuries and compensation for the total loss of a body part. Moreover, neither of those cases addressed the question as to whether the claimant was entitled to recover for a loss of foot or loss of leg.

left." The commissioner further stated that "there is a scar approximately eight inches in length, approximately a half inch in width that runs from the heel all the way up towards the knee joint and the right lower leg is—from the back, looks significantly more swollen than the—significantly larger and swollen as compared to the left." The commissioner's order found that Peoples walks with a limp, and this is supported by the medical records. The circuit court noted that the Achilles tendon is defined in Taber's Medical Dictionary as being a part of the leg.

Additionally, while Dr. Davis found Peoples had reached maximum medical improvement on February 2, 2002 and found his permanent impairment rating to be thirty-five percent to the foot, Dr. Seastrunk's independent medical evaluation found a sixty-two percent impairment rating to Peoples' right lower extremity. Peoples' own testimony was that he felt he had lost seventy percent of the use of his leg. In fact, the medical records are replete with references to a leg injury. Therefore, we find no error and affirm the circuit court's order as to the award for permanent disability to the leg, not just the foot.[2]

■ Henry Company next argues that the circuit court erred in finding that Peoples needed Ultracet to control his pain and lessen his disability. We find this issue not properly preserved for appeal.

■ The record contains no indication that Henry Company appealed from the single commissioners finding that Peoples needed Ultracet to control his pain. At the full commission hearing, Peoples testified that he was taking Ultracet for pain, as prescribed by his physician. This testimony went unchallenged. The full commission concurred with the single commissioner and found that the Ultracet would tend to lessen Peoples disability. When the case was heard before the

---

2. Courts in other jurisdictions have held that injuries to the ankle involve the leg and not just the foot. *See, e.g., Insulated Panel Co. v. Indus. Comm'n,* 252 Ill.Dec. 882, 743 N.E.2d 1038, 1043 (2001) ("[I]njury to the bones and ligaments of the ankle may be compensable as a percentage loss of the leg."); *LaBrecque v. Fla. Vocational Rehab. & Div. of Risk Mgmt.,* 380 So.2d 482, 483 (Fla.Dist.Ct.App.1980) (stating that an ankle injury could be either a leg injury or a foot injury and the interpretation most favorable to the claimant should be adopted).

circuit court, Henry Company did not take issue with the full commissions finding that Peoples needed Ultracet to control his pain.[3] The circuit court affirmed this portion of the award. Therefore, we decline to address this argument on appeal. *See, e.g., Ellie, Inc. v. Miccichi,* 358 S.C. 78, 102, 594 S.E.2d 485, 498 (Ct.App.2004) ("It is well-settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review.").

## CONCLUSION

Based on the foregoing, the order of the circuit court is hereby

**AFFIRMED.**

KITTREDGE and WILLIAMS, JJ., concur.

---

3. The written briefs submitted to the circuit court by Henry Company do not appear in the record on appeal. Henry Company bears the burden of providing the court with a record sufficient to allow for appellate review. *Hundley v. Rite Aid of S.C., Inc.,* 339 S.C. 285, 306–07, 529 S.E.2d 45, 57 (Ct.App.2000).