**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Margaree Maple, Employee,            Appellant,

v.

Heritage Healthcare of Ridgeway, Employer, and Phoenix Insurance Company, Carrier,            Respondents.

_____

Appeal From the Appellate Panel
South Carolina Workers' Compensation Commission

_____

Unpublished Opinion No. 2012-UP-302
Heard April 25, 2012 – Filed May 16, 2012
Withdrawn, Substituted and Refiled June 27, 2012

_____

**AFFIRMED IN PART, AND REMANDED IN PART**

_____

Preston F. McDaniel, of Columbia, for Appellant.

R. Daniel Addison, of Columbia, for Respondents.

**PER CURIAM**: Margaree Maple appeals the Appellate Panel of the Workers' Compensation Commission's (the Appellate Panel) denial of her claim for temporary total disability (TTD) benefits. She argues (1) the Appellate Panel erred in holding she refused an offer of suitable employment; (2) the single commissioner erred in sua sponte directing and admitting the depositions of Dr. Roger Gaddy and Star Connor; and (3) the Appellate Panel erred in adopting a proposed order. We affirm in part and remand for further findings.

Under the Administrative Procedures Act, this "court may affirm the decision of the agency or remand the case for further proceedings." S.C. Code Ann. § 1-23-380(5) (Supp. 2011). The court may "reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are" affected by an error of law, not supported by substantial evidence, or affected by an abuse of discretion. Id.

1.    As to whether the Appellate Panel erred in holding Maple refused an offer of suitable employment, we remand for further findings. In light of the disputed facts and issues in this case, the Appellate Panel must determine whether, when, and for how long Maple was disabled within the meaning of the Workers' Compensation Act. The Appellate Panel must also determine when and for how long Maple refused an offer of suitable employment. Lastly, the Appellate Panel must determine how those findings affect Maple's entitlement to TTD benefits. Without all of those findings, the order is insufficient to enable a meaningful review of whether the Appellate Panel erred in determining Maple was not entitled to any TTD benefits. See Martinez v. Spartanburg Cnty., 394 S.C. 224, 230, 715 S.E.2d 339, 342 (Ct. App. 2011) ("The findings of fact made by the Appellate Panel must be sufficiently detailed to enable the reviewing court to determine whether the evidence supports the findings."); see also S.C. Code Ann. § 42-9-200 (1985) (providing that an *employee does not become entitled to compensation benefits until* the eighth calendar day of *disability* resulting from an injury, and the employee's entitlement to compensation benefits dates back to the first day of that disability if the *disability* lasts for more than fourteen calendar days (emphasis added)); S.C. Code Ann. § 42-1-120 (1985) (providing that "*disability*" is defined as "*incapacity because of injury to earn*

*wages* which the employee was receiving at the time of injury in the same or any other employment" (second emphasis added)); S.C. Code Ann. § 42-9-10(A) (1985) (providing that an employee is entitled to TTD benefits "[w]hen the incapacity for work resulting from an injury is total"); S.C. Code Ann. § 42-9-190 (1985) (providing that an employee is not entitled to any compensation *during the period* the employee refuses an offer of suitable employment); Last v. MSI Constr. Co., 305 S.C. 349, 351, 409 S.E.2d 334, 336 (1991) (providing that "the fact that a claimant is unemployable for reasons other than his injury is not dispositive" of whether a claimant is disabled; rather, "[t]he issue is whether a claimant has suffered some loss of earning capacity as a direct result of his work-related injury"); Shealy v. Algernon Blair, Inc., 250 S.C. 106, 112, 156 S.E.2d 646, 649 (1967) ("The object of the act is to relieve an injured workman from the loss or impairment of his capacity to earn wages. [T]he fact that after the injury the employee has not worked and has therefore earned no wages is not in itself determinative of the extent of loss of his earning capacity." (citations and internal quotation marks omitted) (alteration in opinion)).

2.     As to the direction and admission of the depositions, we affirm. Single commissioners generally have greater procedural latitude than circuit court judges to arrive at a fair determination of the facts, and in this case, absolutely nothing in the record indicates the single commissioner directed the depositions or left the record open in disregard of her professional responsibilities. See Burns v. Joyner, 264 S.C. 207, 212, 213 S.E.2d 734, 736 (1975) (holding that although the single commissioner "participated actively in the case," it is the single commissioner's "responsibility to arrive at a fair determination of the facts and not merely to serve as an umpire calling a contest between competing attorneys"). Moreover, the direction and admission of the depositions did not violate Maple's due process rights, and even if those actions contravened applicable statutes and regulations, the error was harmless. Prior to the hearing before the commissioner, Maple knew she was terminated for falsifying a doctor's note. She also had notice that Heritage wished to depose Dr. Gaddy, and she explicitly "welcomed" Ms. Connor's deposition. Lastly, Maple cross-examined Dr. Ross and Ms. Connor during their depositions. Therefore, Maple has failed to show the direction and admission of the depositions prejudiced her. See § 1-23-380(5)

(providing that this court may reverse or modify an agency's decision only "if substantial rights of the appellant have been *prejudiced*" (emphasis added)).

3.      As to the adoption of the proposed order, we affirm.  First, the APA explicitly contemplates the adoption of proposed orders.  See S.C. Code Ann. § 1-23-350 (2005) ("A final decision or order adverse to a party in a contested case shall be in writing or stated in the record.  A final decision shall include findings of fact and conclusions of law, separately stated.  Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings.  If, in accordance with agency rules, a party submitted proposed findings of fact, the decision shall include a ruling upon each proposed finding.").  Second, no law precludes the Appellate Panel from making a "consensus decision" by adopting an order prepared by a party.  Third, the Appellate Panel's "ver batim," signatured adoption of the single commissioner's findings and conclusions "based on review of the record as a whole and the oral arguments of the parties" is sufficient to constitute a ruling on each proposed finding.

**AFFIRMED IN PART, AND REMANDED IN PART.**

**WILLIAMS, THOMAS, and LOCKEMY, JJ., concur.**